## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EDWARD DONALD OBERWISE,

    Plaintiff,

v.                                                        Case No. 8:11-CV-1930-T-30AEP

LEE RASCHKE,

    Defendant.
_____/

## **ORDER**

Plaintiff, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2).

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.

  The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because Defendant is a detective with the Hillsborough County Sheriff's Office, Plaintiff's complaint is subject to review pursuant §1915A.

## Background

  The Complaint alleges that on January 8, 2008, Plaintiff was arrested and charged with five counts of lewd and lascivious behavior. The next day, his arrest was publicized in the media as a result of information released to the media by Defendant, who was the lead detective in Plaintiff's case. In 2009, following a trial, Plaintiff was convicted of the charges. While awaiting sentencing, Defendant notified the press that Plaintiff had been convicted, and was to be sentenced on October 28, 2009. Members of the media were present at Plaintiff's sentencing hearing. Plaintiff was sentenced to 20 years imprisonment, to be followed by 10 years probation. Plaintiff's convictions were affirmed on appeal.

  Plaintiff asserts in the Complaint that he has suffered from slander and defamation of character. He also asserts that his civil rights were violated as a result of an unfair trial and appeal process.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The initial inquiry must, therefore, focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 800 (11th Cir. 1988), *aff'd by, Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Absent these elements, this Court lacks jurisdiction over this case.

Plaintiff's claims for defamation and slander must be dismissed for lack of subject matter jurisdiction because they are state law claims, not violations of the United States Constitution or federal law. These claims cannot proceed because this Court lacks jurisdiction to hear a purely state law claim where there is no diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332. Moreover, a tort claim based purely on state law cannot be brought under § 1983. *See Almand v. DeKalb County*, 103 F.3d 1510, 1513 (11th Cir. 1997) ("[S]ection 1983 must not supplant tort law; liability is appropriate solely for violations of federally protected rights."). *See also Merrill v. West*, 2011 U.S. Dist. LEXIS 92112, 5-6 (M.D. Ala. July 11, 2011) ("[A] 42 U.S.C. § 1983 action cannot be predicated upon a theory

of slander, defamation or libel.") (citing *Paul v. Davis*, 424 U.S. 693 (1976); *Cypress Ins. Co. v. Clark*, 144 F.3d 1435 (11th Cir. 1995); *Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990)).

To the extent Plaintiff asserts that his constitutional rights were violated during the criminal proceedings and by the resulting incarceration, his claim for monetary damages is barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* decision requires a plaintiff in a § 1983 action who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87. If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. *Id*. at 489. The Complaint fails to allege that the convictions or sentences have been reversed, expunged, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.[1] As a result, Plaintiff's damages claim must be dismissed because the Court is without jurisdiction under *Heck*. However, if Plaintiff "eventually satisfies the precondition to a valid claim under *Heck*," he is permitted to raise those claims in a new civil rights action. *Abella v. Rubino*, 63 F.3d 1063, 1065 n.3 (11th Cir. 1995).

---

[1] Plaintiff has a petition for writ of habeas corpus pending in this Court in which he challenges the same convictions which are the subject of this action. *See Oberwise v. Sec'y, Dep't of Corrections*, 8:11-cv-1124-T-30TGW.

**Conclusion**

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim for which this court can grant relief even when liberally construed due to plaintiff's *pro se* status. The Court also finds that under no circumstances, within this set of facts, can Plaintiff plead a cause of action against Defendant. The Complaint is, therefore, subject to dismissal pursuant to 28 U.S.C. 1915A.

ACCORDINGLY, it is **ORDERED** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2. The Clerk of Court shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 14, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Plaintiff *pro se*